IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JARED HALE,

    Plaintiff,

v.                                        CASE NO. 5:17cv265-RH-GRJ

BAY COUNTY SCHOOL BOARD
and WILLIAM HUSFELT,

    Defendants.

_____/


## ORDER AWARDING ATTORNEY'S FEES

The plaintiff Jared Hale sought relief in this action against two defendants: the Bay County School Board and its superintendent, William Husfelt, in his individual capacity. Each defendant prevailed on summary judgment. As proper under this court's bifurcated attorney's fee procedure, *see* N.D. Fla. Loc. R. 54.1, each defendant moved for an order determining *entitlement* to a fee award without simultaneously addressing the *amount* of any award. The order of March 25, 2019 determined that each defendant is entitled to recover part, not all, of the fees incurred in defense of this action.

Each defendant now has moved for a fee award in a specific amount. The motions are supported by detailed time records and affidavits. The amounts are calculated using the lodestar method: hours worked by attorneys and paralegals multiplied by their hourly rates. The defendants have exercised billing judgment, eliminating some hours. Of importance, the claimed amounts were actually billed and paid as the litigation progressed. In each instance, a sophisticated consumer of legal services determined the fee was reasonable, as shown by the actual payment of the fee.

The plaintiff has responded with an affidavit setting out the analysis of a well-qualified attorney who was not involved in the litigation. The defendants have responded to the affidavit. The record fully sets out each party's position.

The contested issues are narrow. The defendants have followed the proper methodology to divide fees between amounts that are and are not recoverable. The plaintiff does not dispute the division. The defendants have claimed reasonable hourly rates—indeed, rates that are low for attorneys with this level of experience for work of this kind and quality. The plaintiff does not contest the hourly rates.

The plaintiff does not deny that the attorneys and paralegals actually worked the claimed hours. The plaintiff takes issue only with specific entries. I have reviewed the defendants' overall time records and have reviewed each of the specific entries the plaintiff has challenged. Except for clerical errors in Mr.

Husfelt's claim that he acknowledges and additional errors of the same kind—these are discussed below—the plaintiff's challenges are unfounded. This order addresses the overall claim and addresses some of the plaintiff's objections—enough to set out the tenor of the analysis. I have considered each specific objection, but no purpose would be served by going through them item by item in this order.

After adjusting for the clerical errors, I find that the defendants reasonably incurred fees in the claimed amounts on the claims and for the periods for which they are entitled to recover fees, as set out in the March 25 order. I find that the claimed hours were reasonably devoted to those claims; that the claimed rates are reasonable; that the overall fee is reasonable; and that the hours, rates, and overall fee are within the range that customarily would be charged by an attorney in this district for services of this kind.

The plaintiff asserts a number of entries for "preparation" are too general. But the entries do not refer only to preparation; they specify what the preparation was for. Thus, for example, Mr. Husfelt's attorney spent 5.2 hours on February 1, 2018 preparing for and attending the deposition of the plaintiff Jared Hale. *See* ECF No. 82-1 at 65 line 46. Time spent preparing for a deposition is of course compensable. Indeed, it would be irresponsible for a defense attorney *not* to prepare for a deposition. Each other "preparation" entry is also proper. Mr. Hale

Case 5:17-cv-00265-RH-GRJ   Document 93   Filed 12/23/19   Page 4 of 8

Page 4 of 8

brought this lawsuit and is in no position to complain that the defendants actually prepared for the proceedings.

The plaintiff complains that some of the work done by paralegals was actually secretarial work that should not have been billed. I disagree. Thus, for example, a paralegal at the firm representing Mr. Husfelt billed 3.9 hours on January 30, 2018, shortly before a series of depositions. Some of the time was spent revising and updating witness files, including with information from the plaintiff's interrogatory answers and Federal Rule of Civil Procedure 26 disclosures. Some of the time was spent communicating about and indexing documents. Managing documents, including in preparation for depositions, is labor-intensive; that some of the labor was done by paralegals is neither surprising nor improper. And delegating tasks like these to paralegals sometimes reduces overall costs. This was billable time.

Mr. Husfelt's attorneys' offices are in Tallahassee, just over 100 miles from the forum, Panama City. The drive between the two cities takes roughly two hours—a four-hour round trip. The plaintiff complains that Mr. Husfelt's lead attorney, apparently the only attorney who made the trip, sometimes billed for travel time between the cities at her full hourly rate. This happened three times. *See* ECF No. 82-1 at 65 line 47 and at 67 lines 82 & 88. On three occasions the attorney did not bill for the travel time at all. *See* ECF No. 92 at 2 (addressing ECF

No. 82-1 at 65 line 45 and at 70 line 142); ECF No. 82-1 at 26. On the last of these occasions, Mr. Husfelt has claimed the full hourly rate for travel time, but this is adjusted out below, because Mr. Husfelt was not billed for the time. *See* ECF No. 82-1 at 26.

It is neither unusual nor improper for Panama City parties to retain Tallahassee attorneys, especially when, as here, the Tallahassee attorneys have substantial experience with cases of the kind at issue. Attorneys often bill full rates for travel time; the standard in the profession allows it. In this instance experienced attorneys undertook a representation in a different city for a client who agreed to pay full rate for travel hours, as shown by the clear billing for and payment of these amounts. This was reasonable. The attorney could reasonably have charged a lower travel rate or no fee for travel at all, but she chose to charge her full rate for some travel while charging no fee for other travel. Especially considering the low hourly rate and the reasonable overall fee, handling travel in this manner was not unreasonable. That an attorney can charge a lower travel rate—and that a district court has discretion to award a lower travel rate—does not make it mandatory.

The plaintiff complains that the second-chair attorney who prepared the first draft of Mr. Husfelt's ultimately successful summary-judgment motion spent 46 hours on it. *See* ECF No. 82-1 at 73 lines 202, 209, 210, 211 & 212 and at 74 lines 217, 221, 222, 231, 237, 238, 241 & 245. This is not excessive. It takes time to

compile a first-rate summary-judgment motion with a proper statement of facts, accurate citations to the record, and an honest treatment of the governing law.

The plaintiff complains that time was spent "culling" a brief—that is, reducing its length to meet the court's word limit. Time spent tightening a brief is usually time well spent. Perhaps there are attorneys who can turn out a perfect brief on the first draft. But surely there are few. For the most part, briefs would be better if attorneys spent more time editing—that is, more time tightening and yes, culling. This was time reasonably devoted to the case.

Finally, the plaintiff complains that a paralegal spent time compiling fee records and dividing them into compensable and noncompensable categories. On the federal claim, time reasonably devoted to litigating the amount of fees is compensable. The plaintiff does not contest this. That this work was done by a paralegal was not improper. And the amount of time devoted to the task was reasonable.

The necessary adjustments for clerical errors all relate to Mr. Husfelt's claim, not the School Board's. One entry was attributed to the wrong attorney. *See* ECF No. 92 at 2 (addressing ECF No. 82-1 at 64 line 18). Five entries were for time not billed to the client and thus not properly included in a fee award. *See* ECF No. 92 at 2 (addressing ECF No. 82-1 at 65 line 45, at 66 line 67, at 70 line 142, at 71 line 169 & at 72 line 186). These errors require a reduction of Mr. Husfelt's

claim in the total amount of $2,205. Mr. Husfelt has acknowledged these errors and agrees his claim should be reduced by this amount.

The court's independent review has turned up additional entries of this same kind—entries for time that was not billed to the client and thus is not properly included in the fee award. *See* ECF No. 82-1 at 67 line 91; ECF No. 82-1 at 72 line 191; ECF No. 82-1 at 74 line 234; ECF No. 82-1 at 75 lines 240, 250, and 251; ECF No. 82-1 at 76 lines 281 and 282. Removal of these entries reduces the claim by an additional $1,050. The total adjustment for the errors Mr. Husfelt has acknowledged and these additional amounts is $3,255.

This order awards the amounts claimed by the School Board and Mr. Husfelt except for the $3,255 reduction of Mr. Husfelt's claim. The award is $64,461.00 for the School Board's attorneys. The award for Mr. Husfelt's attorneys is $75,872.50 reduced by $3,255 for a net of $72,617.50.

As set out in the order determining entitlement, the School Board's recovery, which is based solely on state law, runs only against Mr. Hale individually. Mr. Husfelt's state-law recovery runs only against Mr. Hale individually, but Mr. Husfelt's federal-law recovery runs also against Mr. Hale's attorney, Marie A. Mattox, and her law firm. The split, as calculated by Mr. Husfelt in his motion without opposition from Mr. Hale or Ms. Mattox, was $56,188.50 under state law and $19,684 under federal law. The time records show that the $3,255 in errors are

properly attributed $3,150 to state law and $105 to federal law. The corrected split thus is $53,038.50 under state law and $19,579 under federal law.

For these reasons,

IT IS ORDERED:

1. The School Board's motion for attorney's fees, ECF No. 81, is granted.

2. Mr. Husfelt's motion for attorney's fees, ECF No. 82, is granted in part.

3. The clerk must enter judgment stating:

>Judgment is entered in favor of the Bay County School Board against Jared Hale for attorney's fees in the amount of Sixty-Four Thousand Four Hundred Sixty-One Dollars ($64,461.00).
>
>Judgment is entered in favor of William Husfelt against Jared Hale, Marie A. Mattox, and Marie A. Mattox, P.A., jointly and severally, for attorney's fees in the amount of Nineteen Thousand Five Hundred and Seventy-Nine Dollars ($19,579.00).
>
>Judgment is entered in favor of William Husfelt against Jared Hale for attorney's fees in the additional amount of Fifty-Three Thousand Thirty-Eight and 50/100 Dollars ($53,038.50). The total judgment in favor of Mr. Husfelt against Mr. Hale thus is $72,617.50, of which $19,579.00 is joint and several with Ms. Mattox and Marie A. Mattox, P.A.
>
>The total of these judgments against Mr. Hale thus is $137,078.50. The amounts awarded against Mr. Hale in favor of the School Board, on the one hand, and in favor of Mr. Husfelt, on the other hand, are for different obligations; payment to one judgment creditor does not satisfy any part of the obligation to the other judgment creditor.

SO ORDERED on December 23, 2019.

>s/Robert L. Hinkle
>United States District Judge